```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JAMES CURTIS JOHNSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JORDAN HOLLINGSWORTH,<br><br>　　　　　Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-3099 (JBS)<br><br>**OPINION** |

APPEARANCES:

James Curtis Johnson
Fort Dix, New Jersey
Pro se Petitioner

J. Andrew Ruymann, Esq.
Office of the United States Attorney
402 East State Street, Suite 430
Trenton, NJ 08608
Attorney for Respondent

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

　　James Curtis Johnson, a federal prisoner confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of North Carolina, No. 5:13-hc-02225-FL.  By order dated May 14, 2014, the Honorable Louise W. Flanagan transferred the matter to this Court (Docket Entry 5).  On July 7, 2014, Respondent filed a Motion to Dismiss in lieu of an answer (Docket Entry 12).

Petitioner filed a reply on July 18, 2014 (Docket Entry 13). Because this Court lacks jurisdiction to consider this petition, and it is not in the interest of justice to transfer the Petition, this Court will grant Respondent's motion and dismiss the Petition for lack of jurisdiction.

## II.  BACKGROUND

Petitioner is presently confined pursuant to a federal drug crime conviction and sentence imposed by the United States District Court for the Eastern District of North Carolina for distributing 55.4 grams of cocaine base, 21 U.S.C. § 841(a)(1). Prior to his conviction in federal court, Petitioner had several North Carolina state convictions, including Conspiracy to Commit Common Law Robbery and Possession with Intent to Manufacture, Sell, or Deliver Cocaine (Docket Entry 1 at 6). Based on those two prior convictions, the sentencing court determined Petitioner was a career offender within the meaning of U.S.S.G. § 4B1.1,[1] and sentenced him to 262 months with 5 years of supervised release on March 20, 2002.

---

[1] "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

Petitioner subsequently filed a motion pursuant to 28 U.S.C. § 2255 in the Eastern District of North Carolina, however the motion was dismissed as untimely.  The Fourth Circuit Court of Appeals upheld that dismissal, *see United States v. Johnson*, 90 Fed. Appx. 58 (4th Cir. 2004).  Petitioner thereafter filed a motion to reduce his sentence under 18 U.S.C. § 3582, which was also dismissed by the Eastern District of North Carolina, *see United States v. Johnson*, No. 5:01-cr-00090-H-1 (E.D.N.C. Nov. 7, 2013). The Fourth Circuit upheld that dismissal as well, *see United States v. Johnson*, 568 Fed. Appx. 263 (4th Cir. 2014).

The instant petition was originally filed in the Eastern District of North Carolina on October 13, 2013, however the court transferred the petition to this Court upon receiving a letter from Petitioner stating he believed he filed his motion in the "wrong District" (Docket Entry 3; 5).  This Court received the certified copy of the transfer order and docket on May 15, 2014.

Petitioner argues that the sentencing court incorrectly sentenced him as a career offender as the North Carolina state convictions used as the basis for the career offender sentencing enhancement were not "prior felony convictions" within the meaning of § 4B1.1.  Specifically, he asserts: (1) his conviction for Conspiracy to Commit Common Law Robbery is not a qualifying conviction because he was under 18 and was sentenced

3

as a youthful offender; and (2) his conviction for Possession with Intent to Manufacture, Sell, or Deliver Cocaine was not a prior felony conviction because it "only produced a sentence of 10 months minimum for a maximum term of 12 months" (Docket Entry 1 at 8).

Respondent asserts this Court lacks jurisdiction to consider Petitioner's application as the petitioner challenges the lawfulness of his sentence and that Petitioner has not met the preconditions of the "safety valve" clause of § 2255 as set forth in *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997).  As such, Petitioner must submit a motion to vacate, set aside or correct his sentence under § 2255 in the district of conviction instead of a petition for writ of habeas corpus in the district of confinement.

Petitioner responded his claims are cognizable under § 2241 in light of "new rulings [that] were previously unavailable to petitioner during his direct appeal or § 2255 habeas proceeding[,]" namely the Fourth Circuit's opinions in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), and *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014) *reversed*, 775 F.3d 180, 183 (4th Cir. 2014) (en banc).  He argues a motion under § 2255 would be inadequate or ineffective "because it would have been futile seeking to challenge such earlier during said proceedings . . . because such claim [sic]

4

under prior Fourth Circuit precedent was foreclosed by the Court of Appeals for the Fourth Circuit" (Docket Entry 13 at 1-2). He requests this Court either grant relief or transfer the petition to the Fourth Circuit.[2]

### III.  STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

### IV.  DISCUSSION

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. Appx. 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)); *see also Chambers v. United States*, 106 F.3d 472,

---

[2] Petitioner also filed a "Motion to Supplement" his habeas petition (Docket Entry 16). In light of the court's decision on the Motion to Dismiss, the Motion to Supplement shall be dismissed as moot.

474 (2d Cir. 1997); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977); *United States v. Walker*, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Section 2255, however, contains a safety valve permitting filing a petition for a writ under § 2241 where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."

The Third Circuit emphasized § 2255 would not be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Id.* at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to

use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil,* 119 F.3d 245, 251-52 (3d Cir. 1997)).

Petitioner does not argue that he is innocent of the offense for which he was convicted, rather his assertion is that he is "actually innocent" of being a career offender because of an intervening change in Fourth Circuit law (Docket Entry 13 at 3). This claim is insufficient to fall within the *Dorsainvil* exception as it relates to an argument that Petitioner is factually innocent of a sentencing enhancement as opposed to being factually innocent of the crime for which he was convicted. *Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002); *see also United States v. Brown*, 456 F. Appx. 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012); *Selby v. Scism*, 453 F. Appx. 266,

7

268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted-possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here."). The challenges to the imposition of his sentence that Petitioner makes in the pending action fall within the scope of claims cognizable on direct appeal or in a § 2255 motion in the district of confinement. Section 2255 is not "inadequate or ineffective" merely because Petitioner failed to successfully challenge his conviction by direct appeal, § 2255 motion, or other motions for relief from judgment.

The Fourth Circuit's decisions in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) (holding North Carolina

convictions are "crimes punishable by a term of imprisonment exceeding one year" for federal sentencing purposes only when the defendant's particular criminal history and the nature of his offense warrant), and *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014) (holding *Simmons* represented a new "fact" under § 2255(f)(4), resetting the one-year statute of limitations), *reversed*, 775 F.3d 180, 183 (4th Cir. 2014) (en banc), do not entitle him to relief under § 2241.  Petitioner had the opportunity to argue for *Simmons*' application to his case in his 2013 motion to reduce his sentence under 18 U.S.C. § 3582,[3] *see United States v. Johnson*, No. 5:01-cr-00090-H-1 (E.D.N.C. Nov. 7, 2013).  Furthermore, the petitioner in *Whiteside* filed a motion under § 2255, underscoring this Court's determination that Petitioner should have done the same in order to challenge his sentence.  *See Whiteside*, 775 F.3d at 185 ("The demands of finality oblige a petitioner to raise those claims that might possibly have merit even where 'he thinks [the court] will be unsympathetic to the claim . . .' .") (citation omitted).  Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241.

---

[3] The Fourth Circuit determined *Simmons* announced a substantive rule that could be raised in a habeas proceeding. *See Miller v. United States,* 735 F.3d 141, 147 (4th Cir. 2013).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the Fourth Circuit as Petitioner is clearly time-barred from filing a § 2255 motion, see *Whiteside*, 775 F.3d at 183 (reversing panel opinion and holding *Simmons* is not a new "fact" under 28 U.S.C. § 2255(f)(4) for purposes of statute of limitations). However, this Court's decision to not transfer this case does not prevent Petitioner from seeking leave from the Fourth Circuit to file, see 28 U.S.C. § 2244(a), should he elect to do so.

## V.  CONCLUSION

For the foregoing reasons, the Respondent's Motion to Dismiss shall be granted, and the habeas petition will be dismissed due to a lack of jurisdiction. An accompanying Order will be entered.

| | |
|---|---|
| **March 6, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |